UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALRISSIAN J. STALLWORTH,

    Plaintiff,

v.                                                                           Case No. 3:20cv5928-MCR-HTC

BOARD OF COUNTY
COMMISSIONERS, ALL
BOARD MEMBERS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Calrissian J. Stallworth, proceeding *in forma pauperis*, initiated this action by filing a *pro se* civil rights complaint purporting to bring claims under 42 U.S.C. § 1983 regarding the conditions of confinement at Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On November 30, 2020, after screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A, the Court found the complaint to be deficient and

entered an order instructing Plaintiff he must file an amended complaint within thirty (30) days. ECF Doc. 5. On December 21, 2020, a notice from the clerk indicated the Court's amend order (ECF Doc. 5) was returned as undeliverable.[1] ECF Doc. 6. The clerk forwarded the order to Plaintiff's address on file with the Escambia County Jail and reset the deadline to January 22, 2021. *Id*. Plaintiff failed to submit an amended complaint by the extended deadline.

Thus, on February 1, 2021, the Court gave Plaintiff an additional fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with a Court order. ECF Doc. 7. Plaintiff's deadline to respond to the Court's show cause order has passed, and Plaintiff has failed to show why the undersigned should not recommend his case for dismissal.

Indeed, despite this Court's orders, Plaintiff has failed to file anything with this Court since initiating this case more than three (3) months ago. *See* ECF Docs. 1, 2. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim if the plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b); *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may . . . dismiss a claim . . . ."). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot be seriously

---

[1] The notice included a note indicating Plaintiff was released from Escambia County Jail on November 27, 2020. However, despite being instructed in the Notice to *Pro Se* Litigants (ECF Doc. 3) that he must notify the Court of any change of address, Plaintiff failed to do so.

Case No. 3:20cv5928-MCR-HTC

doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases . . . [o]n the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[2]

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. The clerk be directed to close the file.

Done at Pensacola, Florida, this 23rd day of February, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 3:20cv5928-MCR-HTC